Matter of Reyes v Fisher (2020 NY Slip Op 01351)





Matter of Reyes v Fisher


2020 NY Slip Op 01351


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-08442
 (Docket No. V-11073-15/16B)

[*1]In the Matter of Maria I. Reyes, respondent,
v
Anthony Fisher, Sr., appellant.


Del Atwell, East Hampton, NY, for appellant.
Heather A. Fig, Bayport, NY, for respondent.
Arza Rayches Feldman, Manhasset, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Kerri N. Lechtrecker, Ct. Atty. Ref.), dated June 7, 2018. The order, insofar as appealed from, after a hearing, granted that branch of the mother's petition which was to modify a prior order of the Family Court, Queens County, dated August 5, 2013, so as to award her sole custody of the subject child.
ORDERED that the order dated June 7, 2018, is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of one child, who was born in 2009. In an order dated August 5, 2013, which incorporated the parties' stipulation of settlement, the Family Court, Queens County, awarded the parties joint custody of the child, with the child spending alternate weeks in the residence of each parent.
In December 2016, the mother filed a petition in the Family Court, Suffolk County, seeking, inter alia, sole custody of the child. Following a hearing, the court awarded the mother sole legal and residential custody of the child, subject to the father's parental access time, which included, among other things, alternate weekends during the school year, and alternate weeks during the summer recess.
"A party seeking modification of an existing custody arrangement must show that there has been a change in circumstances such that modification is necessary to protect the best interests of the child" (Matter of Snowden v Snowden, 162 AD3d 675, 676, citing Matter of Gangi v Sanfratello, 157 AD3d 677, 678). The best interests of the child are determined by examining the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 172; Friederwitzer v Friederwitzer, 55 NY2d 89; Matter of Snowden v Snowden, 162 AD3d at 676). The Family Court's determination with respect to custody depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, and as such, deference is accorded to its findings in this regard, and such findings will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Snowden v Snowden, 162 AD3d [*2]at 676; Matter of Gangi v Sanfratello, 157 AD3d at 678).
Here, the Family Court found that since the entry of the prior custody order there had been a change in circumstances warranting a modification of custody in the child's best interest, in that the father did not regularly exercise his parenting time, that despite his knowledge of the child's allergies to certain foods and pet dander, he obtained a dog and gave the child food to which the child is allergic, and that his punishment of the child was excessive. As the court's findings are supported by a sound and substantial basis in the record, its determination will not be disturbed (see Eschbach v Eschbach, 56 NY2d at 173-174; Matter of Gangi v Sanfratello, 157 AD3d at 678).
The father's remaining contentions are without merit.
CHAMBERS, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court