Matter of Shah v Shah (2020 NY Slip Op 05212)





Matter of Shah v Shah


2020 NY Slip Op 05212


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-10010
 (Docket Nos. V-5283-18, V-5284-18, V-8707-18, V-8708-18)

[*1]In the Matter of Bhavna Shah, appellant,
v
Chirag Shah, respondent. (Proceeding No. 1.)
In the Matter of Chirag Shah, respondent,Bhavna Shah, appellant. (Proceeding No. 2.)


Marion C. Perry, Brooklyn, NY, for appellant.
Sushrut K. Pandya, New York, NY, for respondent.
Joel Serrano, Jamaica, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Emily M. Martinez, Ct. Atty. Ref.), dated August 9, 2019. The order, after a hearing, dismissed the mother's petition to enforce the custody provisions of a judgment of divorce entered December 28, 2015, which incorporated but did not merge the parties' stipulation of settlement dated June 4, 2013, granted the father's cross petition to modify the custody provisions of the judgment of divorce so as to award him sole legal and physical custody of the subject children, and directed that the mother "may have parenting time as the parties mutually agree and arrange, considering the wishes of the children."
ORDERED that the order is modified, on the law, by deleting the provision thereof directing that the mother "may have parenting time as the parties mutually agree and arrange, considering the wishes of the children"; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, to set forth, with all convenient speed, a schedule for the mother's parental access with the children.
The parties were married in 2003, and have two children together. In June 2013, the parties entered into a stipulation of settlement, which provided, inter alia, for joint legal custody of the children, with parental access on alternating weeks. The stipulation of settlement was incorporated but not merged into the parties' judgment of divorce entered December 28, 2015. In 2018, the mother filed a petition to enforce her entitlement to parental access. The father cross-petitioned to modify the custody provisions of the judgment of divorce so as to award him sole legal and physical custody of the children. In an order dated August 9, 2019, the Family Court dismissed the mother's petition, granted the father's cross petition, and directed that the mother "may have parenting time as the parties mutually agree and arrange, considering the wishes of the children." The mother appeals.
"'Modification of an existing court-sanctioned custody or [parental access] [*2]arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child[ren]'" (Matter of Miller v Thompson, 184 AD3d 643, 644, quoting Matter of O'Shea v Parker, 116 AD3d 1051, 1051). "The best interests of the children must be determined by a review of the totality of the circumstances" (Matter of Suarez v Suarez, 176 AD3d 830, 832; see Eschbach v Eschbach, 56 NY2d 167, 171-172). "Furthermore, [w]hile the express wishes of [the] children are not controlling, they are entitled to great weight, particularly where their age and maturity would make their input particularly meaningful" (Matter of Rabinowich v Rabinowich, 178 AD3d 1052, 1053 [internal quotation marks omitted]).
Here, we agree with the Family Court's determination to award sole legal and physical custody of the children to the father. The deterioration in the children's relationship with the mother and the children's strong desire not to spend time with her constituted a change of circumstances warranting an inquiry into whether a modification of the custody arrangement was necessary to ensure the best interests of the children (see Matter of Shu Jiao Zhao v Wei Rong, 183 AD3d 895, 896-897). Further, the totality of the circumstances supports a finding that it was in the children's best interests to award sole legal and physical custody to the father (see Matter of Rabinowich v Rabinowich, 178 AD3d at 1053).
However, the Family Court should have set forth a schedule for the mother's parental access, rather than delegating the resolution of that issue to the parties by directing that the mother "may have parenting time as the parties mutually agree and arrange, considering the wishes of the children" (see Matter of Mondschein v Mondschein, 175 AD3d 686, 688). Accordingly, we remit the matter to the Family Court, Queens County, to set forth, with all convenient speed, a schedule for the mother's parental access in accordance with the best interests of the children (see id. at 688).
The mother's remaining contentions are without merit.
SCHEINKMAN, P.J., LEVENTHAL, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court