Matter of Soper v Soper (2022 NY Slip Op 02125)





Matter of Soper v Soper


2022 NY Slip Op 02125


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2020-04553
 (Docket Nos. V-19524-19/20C, V-19525-19/20C, V-19526-19/20C)

[*1]In the Matter of Andrew Soper, respondent,
v
Courtney Soper, appellant.


Salvatore C. Adamo, New York, NY, for appellant.
Jordan M. Freundlich, Lake Success, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (James F. Quinn, J.), dated June 8, 2020. The order, without a hearing, granted the father's petition to modify the parties' stipulation of custody and parental access dated April 12, 2018, so as to award the father sole decision-making authority with regard to the medical care of the parties' children.
ORDERED that the order is affirmed, without costs or disbursements.
Andrew Soper (hereinafter the father) and Courtney Soper (hereinafter the mother) are the formerly married parents of three children. Pursuant to a stipulation of custody and parental access dated April 12, 2018 (hereinafter the custody stipulation), which was incorporated but not merged into the parties' judgment of divorce entered July 23, 2019, the parties agreed to joint legal custody of the children and to defer medical decisions for the children to specified pediatricians. In January 2020, the father petitioned to modify the custody stipulation so as to award him sole decision-making authority with regard to the children's medical care. The father alleged that the mother had violated the custody stipulation by obtaining medical care for the children from pediatricians other than those named in the custody stipulation, that the mother was refusing to give consent for the children to receive vaccinations, and that the youngest child had been prohibited from attending school until the school district received proof that the child was up to date on his vaccinations. In an order dated June 8, 2020, the Family Court granted the father's petition, and the mother appeals.
"Modification of a court-approved stipulation setting forth the terms of custody or parental access is permissible only upon a showing that there has been a sufficient change in circumstances such that modification is necessary to ensure the best interests and welfare of the child" (Matter of Burke v Squires, ___ AD3d ___, ___, 2022 NY Slip Op 00861, *2 [2d Dept]; see Matter of Bodre v Stimatz, 150 AD3d 1228, 1229). "'The paramount concern when making such a determination is the best interests of the child under the totality of the circumstances'" (Matter of Burke v Squires, ___ AD3d at ___, 2022 NY Slip Op 00861, *2, quoting Matter of Cabano v Petrella, 169 AD3d 901, 902).
Here, the Family Court's determination is supported by a sound and substantial basis in the record. The uncontroverted evidence that the mother had refused to consent to the children receiving vaccinations recommended by the pediatricians named in the custody stipulation, leading to the youngest child being prohibited from attending school, constituted "a sufficient change in circumstances such that modification [was] necessary to ensure the best interests and welfare of the child" (Matter of Burke v Squires, ___ AD3d at ___, 2022 NY Slip Op 00861, *2). Furthermore, under the totality of the circumstances, awarding the father sole decision-making authority with regard to the children's medical care was in the children's best interests (see ___ AD3d at ___, 2022 NY Slip Op 00861, *2; Matter of Ednie v Haniquet, 185 AD3d 1029, 1030).
IANNACCI, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court