Pettei v Pettei (2022 NY Slip Op 04654)

Pettei v Pettei

2022 NY Slip Op 04654

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2021-05557
 (Index No. 200370/17)

[*1]Fotini F. Rose Eloise Pettei, appellant,
v
Michael Edward Pettei, respondent.

Lisa Siano, Merrick, NY, for appellant.
Law Offices of Kenneth J. Weinstein, P.C., Garden City, NY, for respondent.
Michael Cancellare, Muttontown, NY, attorney for the child.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by a judgment dated December 15, 2017, the plaintiff appeals from stated portions of an order of the Supreme Court, Nassau County (Jeffrey A. Goodstein, J.), dated June 28, 2021. The order, inter alia, after a hearing, in effect, granted that branch of the defendant's motion which was to modify the judgment of divorce so as to award the defendant sole legal and residential custody of the parties' child, with supervised parental access to the plaintiff.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who are the parents of one child, were divorced by a judgment dated December 15, 2017. The judgment of divorce incorporated, but did not merge, the parties' stipulation of settlement, pursuant to which the parties shared joint legal custody of the child, with residential custody to the plaintiff and certain parental access to the defendant. In May 2019, the defendant moved, inter alia, to modify the judgment of divorce so as to award him sole legal and residential custody of the child. After a hearing, the Supreme Court, in an order dated June 28, 2021, among other things, in effect, granted that branch of the defendant's motion which was to modify the judgment of divorce so as to award him sole legal and residential custody of the child, and directed that the plaintiff's parental access be supervised. The plaintiff appeals.
"In order to modify an existing custody arrangement, there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interest of the child" (Matter of Walker v Sterkowicz-Walker, 203 AD3d 1165, 1166). "The best interests of the child must be determined by a review of the totality of the circumstances" (id. at 1167; see Friederwitzer v Friederwitzer, 55 NY2d 89, 94-96). "'Factors to be considered include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent'" (Matter of Walker v Sterkowicz-Walker, 203 AD3d at 1167, quoting Matter of Kreischer [*2]v Perry, 83 AD3d 841, 841; see Bliss v Ach, 56 NY2d 995, 998; Eschbach v Eschbach, 56 NY2d 167, 172-173).
"Since weighing the factors relevant to any custody determination requires an evaluation of the credibility and sincerity of the parties involved, the hearing court's findings are accorded deference" on appeal (Matter of Paige v Paige, 202 AD3d 794, 795 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d at 173-174). Nonetheless, "this Court's authority in custody determinations is as broad as that of the hearing court, and while we are mindful that the hearing court has an advantage in being able to observe the demeanor and assess the credibility of witnesses, the hearing court's determination will not be affirmed if it lacks a sound and substantial basis in the record" (Matter of Follini v Currie, 176 AD3d 1203, 1205 [citation omitted]; see Matter of Paige v Paige, 202 AD3d at 795).
Here, the Supreme Court's determination has a sound and substantial basis in the record. The hearing evidence established that the plaintiff suffered a mental breakdown and was subjected to involuntary psychiatric hospitalizations for 16 consecutive days in June 2019, and for 47 consecutive days later in 2019. The court properly concluded that the plaintiff's condition, along with her lack of insight into her mental health issues and the impact of those issues on the parties' child, constituted a change in circumstances that warranted modifying the custody arrangement so as to award the defendant sole legal and residential custody, and to limit the plaintiff to supervised parental access (see Matter of Justice F. [Jessica V.], 192 AD3d 1025). Furthermore, the record does not support the plaintiff's contention that the court failed to accord due consideration to the wishes of the child or to the original custody arrangement agreed to by the parties.
The plaintiff's contention that the Supreme Court erred in failing to order a forensic evaluation of her mental health is without merit. The plaintiff did not request a forensic evaluation (see Matter of Jennings v Small, 59 AD3d 546). In any event, in light of the plaintiff's extensive psychiatric record, which was before the court, such an evaluation was not necessary to enable the court to reach its determination (see Matter of Jose v Guilford, 188 AD3d 1209, 1211; Matter of Jennings v Small, 59 AD3d at 546).
The plaintiff further contends that a new hearing is required due to certain alleged misconduct by the defendant's counsel during his questioning of the plaintiff's witnesses. Contrary to the plaintiff's contention, there was no misconduct by the defendant's counsel.
Finally, the plaintiff's contention that she was deprived of the effective assistance of counsel is without merit (see Matter of Bailey v Ayoub, 203 AD3d 1043, 1045-1046).
DUFFY, J.P., BRATHWAITE NELSON, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court