Matter of Johnson v McWilliams (2023 NY Slip Op 00087)

Matter of Johnson v McWilliams

2023 NY Slip Op 00087

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-01847
 (Docket No. V-51-21/21A)

[*1]In the Matter of Colleen Johnson, respondent,
v
Derrick McWilliams, appellant.

Salvatore C. Adamo, New York, NY, for appellant.
Gary E. Eisenberg, New City, NY, for respondent.
Donna E. Abrams, White Plains, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Putnam County (Joseph J. Spofford, Jr., J.), dated February 14, 2022. The order, insofar as appealed from, after a hearing, granted that branch of the mother's petition which was, in effect, to modify the parental access provisions of a stipulation of settlement dated September 11, 2019, which was incorporated but not merged into the parties' judgment of divorce, so as to require the father to provide the mother with 48 hours' notice in writing of his requests for additional weekday or overnight parental access with the parties' child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of one child. Pursuant to a stipulation of settlement dated September 11, 2019, which was incorporated but not merged into the parties' judgment of divorce, the parties agreed to share joint legal custody of the child, with physical custody to the mother and parental access to the father every other weekend and "[s]uch other times as the [mother] and the [father] may agree." In January 2021, the mother filed a petition to modify the parental access provisions of the stipulation of settlement, inter alia, in effect, so as to require the father to provide her with 48 hours' notice in writing via email or text of his requests for additional weekday or overnight parental access with the child. After a fact-finding hearing, in an order dated February 14, 2022, the Family Court, among other things, granted that branch of the mother's petition. The father appeals.
"In order to modify an existing custody or parental access arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child" (Matter of LaPera v Restivo, 202 AD3d 788, 789; see Matter of Soper v Soper, 203 AD3d 1162). "The paramount concern when making such a determination is the best interests of the child under the totality of the circumstances" (Matter of Soper v Soper, 203 AD3d at 1163 [internal quotation marks omitted]). "The determination of appropriate parental access is entrusted to the sound discretion of the Family Court, and such determination will not be set aside unless it lacks a sound and substantial basis in the record" (Matter of Walker v Sterkowicz-Walker, 203 AD3d [*2]1167, 1168; see Matter of Ottaviano v Ippolito, 132 AD3d 681, 683). Here, contrary to the father's contention, a sound and substantial basis exists in the record to modify the parental access schedule so as to require the father to provide the mother with 48 hours' notice in writing of his requests for additional weekday or overnight parental access with the child (see generally Matter of Aponte v Jagnarain, 205 AD3d 803, 805; Matter of Cook v Sierra, 190 AD3d 732, 732; Matter of Miller v Shaw, 160 AD3d 743, 744). Accordingly, the Family Court's determination will not be disturbed.
IANNACCI, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court