Matter of Lubrico v Lubrico (2023 NY Slip Op 00422)

Matter of Lubrico v Lubrico

2023 NY Slip Op 00422

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2021-09482
 (Docket Nos. V-5177-20, V-5178-20)

[*1]In the Matter of William Lubrico, respondent,
v
Jeanne Lubrico, appellant.

Salvatore C. Adamo, New York, NY, for appellant.
Paraskevi Zarkadas, Centereach, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (James W. Malone, J.), dated November 23, 2021. The order, insofar as appealed from, after a hearing, granted that branch of the father's petition which was to modify the custody provisions of the parties' judgment of divorce so as to award him sole residential custody of the parties' children.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who are the parents of two children, were divorced by judgment entered May 16, 2019. The judgment of divorce incorporated, but did not merge, the parties' stipulation of settlement, pursuant to which the parties agreed to, inter alia, joint legal custody of the children, with the mother having sole residential custody and the father having certain parental access.
In August 2020, the father commenced a proceeding in the Family Court to modify the custody provisions of the parties' judgment of divorce so as to, inter alia, award him sole residential custody of the children. By order dated November 23, 2021, the court, after a hearing, inter alia, granted that branch of the father's petition which was to modify the custody provisions of the parties' judgment of divorce so as to award him sole residential custody of the children. The mother appeals.
To modify an existing court-ordered custody or parental access arrangement, "there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child" (Matter of Currie v Follini, 209 AD3d 649, 650 [internal quotation marks omitted]; see Pettei v Pettei, 207 AD3d 670, 671). The best interests of the child are determined by assessing the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Currie v Follini, 209 AD3d at 650). "Since the Family Court's determination with respect to custody . . . depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Currie v Follini, 209 AD3d at 650 [internal quotation marks omitted]; see Pettei v Pettei, 207 AD3d at 671-672).
Here, the record establishes a change in circumstances which warranted the transfer of residential custody from the mother to the father. The Family Court's determination that awarding the father sole residential custody would be in the children's best interests has a sound and substantial basis in the record, and thus, will not be disturbed.
The mother's remaining contentions are either not properly before this Court or without merit.
BARROS, J.P., BRATHWAITE NELSON, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court