Matter of Pierce v Caputo (2023 NY Slip Op 01514)

Matter of Pierce v Caputo

2023 NY Slip Op 01514

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2022-06386
2022-06387
 (Docket Nos. V-6918-14/15B, V-6918-14/16D, V-6918-14/16E, V-6918-14/18F)

[*1]In the Matter of Kent Pierce, respondent,
v
Heather Caputo, appellant.

Feldman & Feldman, Manhasset, NY (Steven A. Feldman and Arza Feldman of counsel), for appellant.
Gregory Rabinowitz, P.C., Jericho, NY, for respondent.
Victoria L. Dow, Riverhead, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from two orders of the Family Court, Suffolk County (George F. Harkin, J.), both dated July 6, 2022. The first order, insofar as appealed from, after a hearing, in effect, granted the father's petition to modify a so-ordered stipulation of settlement dated June 5, 2014, so as to award the father sole legal and physical custody of the parties' child. The second order, upon the first order, inter alia, set forth a holiday schedule for parental access.
ORDERED that the first order is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the second order is affirmed, without costs or disbursements.
The parties were never married and have one child together, who was born in February 2014. On June 5, 2014, the parties entered into a so-ordered stipulation of settlement, agreeing that they would share joint custody of the child, the mother would be the child's residential custodian, and the father would have certain parental access. The father filed a petition for sole legal and physical custody on April 21, 2015, and the mother filed her own petition for that relief on April 20, 2016. A fact-finding hearing was conducted between April 17, 2017, and November 13, 2019. Thereafter, the Family Court, in effect, granted the father's petition and awarded him sole legal and residential custody of the child.
In order to modify an existing court-ordered custody arrangement, "there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interest[s] of the child" (Pettei v Pettei, 207 AD3d 670, 671 [internal quotation marks omitted]; see Matter of McDowell v Marshall, 210 AD3d 781, 782; Matter of Murray v Daves, 195 AD3d 1028, 1029). "The paramount concern when making such a determination is the best interests of the child under the totality of the circumstances" (Matter of Soper v Soper, 203 AD3d 1162, 1163 [internal [*2]quotation marks omitted]). In making this determination, "the court must weigh several factors of varying degrees of importance, including, inter alia, (1) the original placement of the child, (2) the length of that placement, (3) the child's desires, (4) the relative fitness of the parents, (5) the quality of the home environment, (6) the parental guidance given to the child, (7) the parent's financial status, (8) his or her ability to provide for the child's emotional and intellectual development, and (9) the willingness of the parent to assure meaningful contact between the child and the other parent" (Matter of Mingo v Belgrave, 69 AD3d 859, 859-860; see Matter of Freeborn v Elco, 188 AD3d 677, 678). "The existence or absence of any one factor in determining custody cannot be determinative on appellate review since the court is to consider the totality of the circumstances" (Matter of Cooper v Nicholson, 167 AD3d 602, 604; see Eschbach v Eschbach, 56 NY2d 167, 174). Evidence of a hostile relationship between the mother and the father indicating that joint decision-making is untenable is a change of circumstances (see Matter of McDowell v Marshall, 210 AD3d 781, 782; Matter of D'Amico v Corrado, 129 AD3d 718, 719). The Family Court is in the best position to evaluate the credibility of the witnesses and its determination should not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Reyes v Fisher, 180 AD3d 1050, 1051; Matter of Kortright v Bhoorasingh, 137 AD3d 1037, 1038).
Here, although the Family Court failed to articulate a determination on the issue of a change in circumstances, this Court may make its own findings because "this Court's authority is as broad as that of the hearing court" and the record is sufficient to permit review (Matter of Newton v McFarlane, 174 AD3d 67, 80; see Matter of Thomas v Mobley, 206 AD3d 743, 744-745). Contrary to the mother's contention, the record soundly and substantially supports a determination that there have been changed circumstances since the so-ordered stipulation was entered into, as well as the Family Court's explicit determination that a modification of custody was in the best interests of the child (see Matter of Hreat v Hreat, 189 AD3d 1237, 1238).
The record here is "replete with examples of hostility and antagonism between the parties, indicating that they were unable to put aside their differences for the good of the child" (Matter of Laura A.K. v Timothy M., 204 AD2d 325, 326; see Goudreau v Corvi, 197 AD3d 463, 464). The record also establishes that the father can provide the child with greater financial stability, and is better suited to make medical, educational, and extracurricular decisions for the child. Significantly, the Family Court concluded that the father will foster a better relationship between the mother and child than the mother would have fostered between the child and the father. The court was not required to follow the recommendation of the forensic evaluator that the mother should remain the child's primary caretaker. His recommendation was but one factor to be considered and was entitled to some weight, but was not determinative and did not usurp the judgment of the court (see Cunningham v Brutman, 150 AD3d 815, 816).
The mother's remaining contention is unpreserved for appellate review.
Accordingly, the Family Court properly, in effect, granted the father's petition.
IANNACCI, J.P., RIVERA, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court