Matter of Miller v Norton (2025 NY Slip Op 01931)

Matter of Miller v Norton

2025 NY Slip Op 01931

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2024-04769
 (Docket Nos. V-600-19/19A, V-600-19/19B, V-638-19)

[*1]In the Matter of Matthew Miller, respondent,
v
Kristi Lynne Norton, appellant. (Proceeding No. 1)
In the Matter of Kristi Norton, appellant,
v Matthew Miller, respondent. (Proceeding No. 2)
In the Matter of Kristi Lynne Norton, appellant,
v Matthew Miller, respondent. (Proceeding No. 3)

Yasmin Daley Duncan, Brooklyn, NY, for appellant.
Kelley M. Enderley, Poughkeepsie, NY, for respondent.
Keith G. Ingber, Thompson Ridge, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an amended order of the Family Court, Putnam County (Joseph J. Spofford, Jr., J.), entered September 15, 2021. The amended order, insofar as appealed from, after a hearing, granted the father's petition to modify an order of the same court (Joseph A. Egitto, J.) entered November 2, 2017, upon consent, so as to award him sole legal and physical custody of the parties' child, directed that the mother have in-person parental access with the child for five hours every other week and at such other times as the parties can agree after consultation with the child's therapist, and denied the mother's petition to modify the order entered November 2, 2017, so as to award her sole legal and physical custody of the child.
ORDERED that the amended order entered September 15, 2021, is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof granting the father's petition to modify the order entered November 2, 2017, so as to award him sole legal and physical custody of the parties' child, and substituting therefor a provision denying the father's petition, and (2) by deleting the provision thereof directing that the mother have in-person parental access with the child for five hours every other week and at such other times as the parties can agree after consultation with the child's therapist; as so modified the amended order entered September 15, 2021, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Putnam County, for further proceedings in accordance herewith, to be held with all convenient speed; and it is further,
ORDERED that pending further order of the Family Court, Putnam County, the father shall have temporary physical custody of the parties' child, the mother shall have in-person parental access with the child on the first and third weekends of every month, from Friday after school until Saturday at 5:00 p.m., and at such other times as the parties can mutually agree, and the parental access schedule via Facetime set forth in the order entered September 15, 2021, shall remain in effect.
The parties, who were never married, are the parents of one child. Pursuant to an order entered November 2, 2017, upon consent (hereinafter the prior order), the parties were awarded joint custody of the child, with primary physical custody to the mother, and, in effect, were awarded equal parental access with the child. In 2019, both parties filed petitions to modify the prior order so as to be awarded sole legal and physical custody of the child. After a hearing, the Family Court, inter alia, awarded the father sole legal and physical custody of the child and directed that the mother have in-person parental access with the child for five hours every other week and at such other times as the parties can agree after consultation with the child's therapist. The mother appeals.
"In order to modify an existing court-ordered custody arrangement, there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interests of the child" (Matter of Pierce v Caputo, 214 AD3d 877, 878 [alteration and internal quotation marks omitted]). Although "[e]vidence of a hostile relationship between [the parents] indicating that joint decision-making is untenable is a change of circumstances" (id. at 878-879), a determination that the parties have an "antagonistic relationship . . . without more, does not mean that an award of shared physical custody is inappropriate" (Matter of Steingart v Fong, 156 AD3d 794, 796 [citations omitted]).
Here, the Family Court's determination that a change in circumstances required modification of the prior order to protect the best interests of the child was not supported by a sound and substantial basis in the record. The limited evidence presented at the hearing that related to the parties' relationship did not show that joint decision-making was untenable. Rather, in the years succeeding the prior order, the parties described several disagreements they had, for example, relating to summer camp or the child's educational needs, which they resolved without judicial intervention.
To the extent that the Family Court found that the child had been exposed to "substance abuse" or incidents of "violence" while in the mother's care, such findings were not supported by a sound and substantial basis in the record. On the latter finding, it was wholly inappropriate for the court to equate the mother's "acknowledgment that there was [an] argument in front of the child" with domestic violence. Furthermore, contrary to the court's finding, at no point did the mother admit to smoking marijuana in front of the child, rather she admitted pursuant to a court-ordered investigation that the child may have been inadvertently exposed to such conduct on one occasion. Notably, prior to the hearing, the mother voluntarily agreed to a court-monitored substance abuse assessment, which concluded that treatment was not indicated.
To the extent that "the express wishes of older and more mature children can support the finding of a change in circumstances" (Matter of Morales v Goicochea, 175 AD3d 1294, 1296 [internal quotation marks omitted]), that factor should not have been given significant weight under the circumstances. In particular, the child was less than 11 years old when the hearing was conducted and she was never interviewed in camera by the Family Court, which is the preferred method for ascertaining a child's wishes (see Matter of Badal v Wilkinson, 213 AD3d 926, 927; Matter of Derek KK. v Jennifer KK., 196 AD3d 765, 768).
Furthermore, even assuming, arguendo, that the father demonstrated a change in circumstances, the Family Court's determinations that, based on the totality of the circumstances, it was in the child's best interests to award the father sole legal and physical custody of the child and to limit the mother's in-person parental access to five hours every other week and at such other times as the parties can agree after consultation with the child's therapist were not supported by a sound and substantial basis in the record.
To these ends, we note that "the best interests of the child[ ] generally lie with a healthy, meaningful relationship with both parents" (Matter of Adam E. v Heather F., 151 AD3d 1212, 1214 [alteration and internal quotation marks omitted]). Moreover, "[p]arental access is a joint right of the noncustodial parent and of the child" (Matter of Morales v Diaz, 233 AD3d 1033, 1036 [internal quotation marks omitted]; see Matter of Cuccia-Terranova v Terranova, 174 AD3d 528, 529). Thus, "absent extraordinary circumstances, such as where parental access would be detrimental to the child's well-being, a noncustodial parent has a right to reasonable parental access privileges" (Matter of Morales v Diaz, 233 AD3d at 1037 [internal quotation marks omitted]).
As already discussed herein, some of the inferences made by the Family Court were plainly contradicted by the record. In yet another such example, the court made a finding that the mother "appeared to want to classify her child with a learning disability to obtain free services" even though the mother repeatedly and consistently testified that she supported the child's evaluation based only upon the recommendation and at the impetus of the child's teacher. The court also improperly relied upon the testimony of the child's therapist, who was not qualified as an expert and who offered largely unfiltered hearsay.
Perhaps even more problematic, the Family Court relied heavily on what it described as the "July 2019 sleepover incident" as evidence that the mother was "incapable of providing for the child's emotional and intellectual development." To the contrary, while this so-called "incident" reflected the parties' different parenting philosophies, the mother's actions were well within the broad range of appropriate parenting conduct and therefore, it was an abuse of discretion to limit the mother's parental access in reliance on that incident (see Matter of Cuccia-Terranova v Terranova, 174 AD3d at 529-530).
In sum, the Family Court erred in granting the father's petition (see Matter of Lopez v Chasquetti, 148 AD3d 1151, 1154; Matter of Caruso v Cruz, 114 AD3d 769, 773; Matter of Said v Said, 61 AD3d 879, 880-881).
Nonetheless, under the circumstances, temporary physical custody should remain with the father. Due to the protracted nature of this litigation, the child is now approaching 15 years of age and has been, in effect, in the father's sole physical custody for more than five years. Under the circumstances, keeping temporary physical custody with the father, while expanding the mother's parental access as indicated herein, will promote the child's stability. We are cognizant that reunification therapy or other professional counseling between the mother and the child may be necessary to reestablish their relationship, and we encourage the Family Court to arrange and supervise those services if appropriate (see Matter of Brown v Simon, 195 AD3d 806, 819-823).
Therefore, we remit the matter to the Family Court, Putnam County, for the appointment of a forensic evaluator to conduct evaluations of the parties and the child and a new hearing, including an in camera interview with the child, to establish an appropriate and liberal parental access schedule for the mother, to be conducted with all convenient speed (see id.; Matter of Johnson v Kelly, 193 AD3d 735, 737-738; Matter of Middleton v Stringham, 130 AD3d 627, 629).
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court