Matter of Reggie P. v Heather D. (2025 NY Slip Op 03724)

Matter of Reggie P. v Heather D.

2025 NY Slip Op 03724

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LILLIAN WAN
PHILLIP HOM, JJ.

2024-01910
 (Docket Nos. V-2811-11/19F, V-2811-11/19G, V-2811-11/20I)

[*1]In the Matter of Reggie P. (Anonymous), petitioner, 
v
Heather D. (Anonymous), respondent; Kayla P. (Anonymous), nonparty-appellant.

Jordan M. Freundlich, Lake Success, NY, attorney for the child, the nonparty appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the subject child appeals from an order of the Family Court, Suffolk County (Mary Porter, J.), dated February 20, 2024. The order, insofar as appealed from, after a hearing, in effect, denied the father's petition to modify the custody provisions of the parties' judgment of divorce dated September 24, 2014, which incorporated but did not merge a stipulation of settlement dated April 30, 2014, so as to award him sole legal and residential custody of the child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties are the divorced parents of one child, born in December 2008. Pursuant to a stipulation of settlement dated April 30, 2014, the mother had sole custody of the child and the father had certain parental access with the child. The stipulation of settlement was incorporated but not merged into a judgment of divorce dated September 24, 2014. On October 15, 2019, the father filed a petition to modify the custody provisions of the judgment of divorce so as to award him sole legal and residential custody of the child. After a hearing, in an order dated February 20, 2024, the Family Court, inter alia, in effect, denied the father's petition. The child appeals.
Contrary to the child's contention, the Family Court's determination that it was in the child's best interests to, in effect, deny the father's petition to modify the custody provisions of the judgment of divorce so as to award him sole legal and residential custody is supported by a sound and substantial basis in the record. "In order to modify an existing court-ordered custody arrangement, 'there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interest[s] of the child'" (Matter of Pierce v Caputo, 214 AD3d 877, 878, quoting Pettei v Pettei, 207 AD3d 670, 671; see Matter of Narine v Singh, 229 AD3d 700, 701; Matter of Saliba v Melvin, 227 AD3d 913, 914). "The paramount concern when making such a determination is the best interests of the child under the totality of the circumstances" (Matter of Pierce v Caputo, 214 AD3d at 878 [internal quotation marks omitted]; see Matter of Limanov v Limanov, 225 AD3d 872, 874; Matter of Soper v Soper, 203 AD3d 1162). "'When deciding whether a modification is in a child's best interests, factors to be considered include the quality of the home [*2]environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent'" (Matter of Narine v Singh, 229 AD3d at 701, quoting Matter of Martinez v Gaddy, 223 AD3d 816, 817; see Matter of Pierce v Caputo, 214 AD3d at 878). "Stability and continuity in a child's life are [also] important factors, as are the child's wishes, which become more important as a child ages and matures" (Matter of Morales v Diaz, 233 AD3d 1033, 1036 [internal quotation marks omitted]; see Matter of Narine v Singh, 229 AD3d at 701; Matter of Shah v Shah, 186 AD3d 1692, 1693). "The existence or absence of any one factor in determining custody cannot be determinative on appellate review since the court is to consider the totality of the circumstances" (Matter of Narine v Singh, 229 AD3d at 701 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 174; Matter of Pierce v Caputo, 214 AD3d at 878).
Here, the record demonstrates that a decline in the child's health, along with the continued deterioration of the parties' relationship, were changes in circumstances (see Matter of Zambas v Condon, 227 AD3d 729, 730; Matter of Cuozzo v Ryan, 307 AD2d 414, 415). However, the evidence showed that, although there were significant flaws in both parents' ability to parent the child, the mother was better able to provide for the child's emotional and intellectual development. The record also establishes that the mother is the parent better able to foster the child's relationship with the noncustodial parent and is better suited to make medical and educational decisions for the child (see Matter of Pierce v Caputo, 214 AD3d at 878).
The child's remaining contention is without merit.
BARROS, J.P., WARHIT, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court