Matter of Brathwaite v Lightsey (2025 NY Slip Op 05520)

Matter of Brathwaite v Lightsey

2025 NY Slip Op 05520

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
HELEN VOUTSINAS
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2024-08753
 (Docket No. V-11234-18/24E)

[*1]In the Matter of Divine Brathwaite, respondent,
v
Kimberly Lightsey, appellant.

Abbe C. Shapiro, Mount Sinai, NY, for appellant.
Salvatore C. Adamo, New York, NY, for respondent.
Ronna L. DeRoe, Larchmont, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Kerri N. Lechtrecker, Ct. Atty. Ref.), dated August 7, 2024. The order, insofar as appealed from, after a hearing, granted the father's petition to modify a so-ordered stipulation of settlement dated August 8, 2023, so as to award him sole residential custody of the parties' child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, are the parents of one child, born in 2017. On August 8, 2023, the parties entered into a so-ordered stipulation of settlement in which they agreed, inter alia, to share joint residential custody of the child and set forth a parental access schedule. On March 25, 2024, the father filed a petition to modify the so-ordered stipulation of settlement so as to award him sole residential custody of the child. After a hearing, in an order dated August 7, 2024, the Family Court, among other things, granted the father's petition and awarded him sole residential custody of the child. The mother appeals.
"In order to modify an existing court-ordered custody arrangement, there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interest[s] of the child" (Matter of Pierce v Caputo, 214 AD3d 877, 878 [internal quotation marks omitted]; see Matter of Walker v Sterkowicz-Walker, 203 AD3d 1165, 1166). "In determining whether such a change has occurred, the court should consider the totality of the circumstances" (Matter of Newton v McFarlane, 174 AD3d 67, 77; see Matter of Moore v Gonzalez, 134 AD3d 718, 719). "The paramount concern when making such a determination is the best interests of the child under the totality of the circumstances" (Matter of Pierce v Caputo, 214 AD3d at 878 [internal quotation marks omitted]; see Matter of Limanov v Limanov, 225 AD3d 872, 874; Matter of Soper v Soper, 203 AD3d 1162, 1163).
"'When deciding whether a modification is in a child's best interests, factors to be considered include the quality of the home environment and the parental guidance the custodial [*2]parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent'" (Matter of Narine v Singh, 229 AD3d 700, 701, quoting Matter of Martinez v Gaddy, 223 AD3d 816, 817; see Matter of Pierce v Caputo, 214 AD3d at 878). "Stability and continuity in a child's life are [also] important factors, as are the child's wishes, which become more important as a child ages and matures" (Matter of Morales v Diaz, 233 AD3d 1033, 1036 [internal quotation marks omitted]; see Matter of Narine v Singh, 229 AD3d at 701; Matter of Shah v Shah, 186 AD3d 1692, 1693). "In addition, the disruption of relationships between siblings should be avoided in the absence of an overwhelming need to do so" (Matter of Narine v Singh, 229 AD3d at 701 [internal quotation marks omitted]; see Matter of Brown v Brown, 97 AD3d 568, 570).
"The existence or absence of any one factor in determining custody cannot be determinative on appellate review since the court is to consider the totality of the circumstances" (Matter of Narine v Singh, 229 AD3d at 701 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 174; Matter of Pierce v Caputo, 214 AD3d at 878). "Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's custody determination will not be disturbed if supported by a sound and substantial basis in the record" (Matter of Acevedo v Cassidy, 236 AD3d 645, 647 [internal quotation marks omitted]).
Contrary to the mother's contention, the Family Court properly determined that a change in circumstances existed to warrant modification of the custody arrangement to protect the best interests of the child based upon, inter alia, the lack of proper sleeping arrangements at the mother's home (see Matter of Spraker v Watts, 41 AD3d 953, 954). Further, the court's determination awarding the father sole residential custody was supported by a sound and substantial basis in the record. Accepting the court's credibility determinations, the evidence adduced at the hearing demonstrated, among other things, that the father is better suited to promote stability in the child's life, better able to provide for the child's emotional needs, and more likely to foster the other parent's relationship with the child (see Matter of Acevedo v Cassidy, 236 AD3d at 647; Matter of O'Loughlin v Sweetland, 98 AD3d 983, 984; Matter of Mingo v Belgrave, 69 AD3d 859, 860; Matter of Lovitch v Lovitch, 64 AD3d 710, 713). Although a court should be reluctant to separate a child from his or her siblings, here, the child's need for stability outweighs the preference for him to remain with his half-sisters (see Matter of Clarke v Clarke, 222 AD3d 751, 753). In any event, the child will continue to have contact with his half-sisters during parental access time with the mother, which was awarded exclusively on days in which school was not in session (see id.; Matter of Nikolic v Ingrassia, 47 AD3d 819, 821).
We note that the portions of the brief of the attorney for the child that refer to matter dehors the record have not been considered in the determination of this appeal (see Matter of Morales v Diaz, 214 AD3d 874, 876).
CONNOLLY, J.P., VOUTSINAS, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court