Matter of El-Sayegh v Saadini (2026 NY Slip Op 00374)

Matter of El-Sayegh v Saadini

2026 NY Slip Op 00374

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
CARL J. LANDICINO
SUSAN QUIRK, JJ.

2025-00947
 (Docket No. V-00962-21/23A)

[*1]In the Matter of Raad El-Sayegh, respondent,
vMary Meryem Saadini, appellant.

Geanine Towers, Brooklyn, NY, for appellant.
Diana Kelly, Jamaica, NY, for respondent.
Stephen A. Gargiulo, Forest Hills, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Elizabeth L. Fassler, J.), dated December 20, 2024. The order, insofar as appealed from, after a hearing, granted the father's petition to modify an order of custody of the same court dated March 2, 2023, entered upon consent, so as to award him sole legal and residential custody of the parties' child.
ORDERED that the order dated December 20, 2024, is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married to each other, are the parents of one child, born in 2017. In an order of custody dated March 2, 2023 (hereinafter the March 2023 order), entered upon the parties' consent, the Family Court, inter alia, awarded the parties joint legal custody of the child, with primary physical custody to the mother and parental access to the father. In June 2023, the father filed a petition to modify the March 2023 order so as to award him sole legal and residential custody of the child. In an order dated December 20, 2024, after a hearing, the court, among other things, granted the father's petition. The mother appeals.
"In order to modify an existing custody arrangement, there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interest of the child" (Pettei v Pettei, 207 AD3d 670, 671 [internal quotation marks omitted]; see Matter of Mahoney v Hughes, 227 AD3d 908, 909). "The best interests of the child must be determined by reviewing the totality of the circumstances" (Matter of Saliba v Melvin, 227 AD3d 913, 914; see Matter of Dapp v Shtaynberger, 240 AD3d 891, 892). "When deciding whether a modification is in a child's best interests, factors to be considered include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, . . . the effect an award of custody to one parent might have on the child's relationship with the other parent," and "[s]tability and continuity in [the] child's life" (Matter of Reggie P. v Heather D., 239 AD3d 861, 862 [internal quotation marks omitted]; see Matter of Brathwaite v Lightsey, 242 AD3d 883, 884). "The existence [*2]or absence of any one factor in determining custody cannot be determinative on appellate review since the court is to consider the totality of the circumstances" (Matter of Cooper v Nicholson, 167 AD3d 602, 604; see Matter of Narine v Singh, 229 AD3d 700, 701). However, where "a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's custody determination will not be disturbed if supported by a sound and substantial basis in the record" (Matter of Acevedo v Cassidy, 236 AD3d 645, 647 [internal quotation marks omitted]; see Matter of McCook v Delbrune, 243 AD3d 791, 793).
Here, the parties agreed that there had been a change in circumstances. The Family Court's determination that it was in the child's best interests to grant the father's petition to modify the March 2023 order so as to award him sole legal and residential custody of the child has a sound and substantial basis in the record and, therefore, should not be disturbed (see Matter of Dapp v Shtaynberger, 240 AD3d at 892; Matter of Quattrochi v Negri, 238 AD3d 767, 768).
DUFFY, J.P., WOOTEN, LANDICINO and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court