■ In the Matter of RICHARD GRASSO, Appellant-Respondent, v LORI GRASSO, Respondent-Appellant. [858 NYS2d 726]—

In a proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an amended order of the Family Court, Westchester County (Duffy, J.), dated November 24, 2006, as, after a hearing, denied those branches of his motion which were to enjoin the mother from relocating with the parties' children to the state of Connecticut and for sole physical custody of the children, and modified his visitation schedule, and the mother cross-appeals, as limited by her brief, from so much of the same amended order as granted that branch of the father's motion which was for sole legal custody of the parties' children, and modified the father's visitation schedule.

Ordered that the amended order is modified, on the facts and as a matter of discretion, by (1) deleting the provision thereof granting that branch of the father's motion which was for sole legal custody of the children and substituting therefor a provi-

sion denying that branch of the motion, and (2) deleting the provisions thereof awarding the father weekend visitation with the children three times a month (four times a month if the month contains five weekends) and directing that the children shall be with the mother on the third weekend of the month, and substituting therefor a provision awarding the father visitation with the children every other weekend, and (3) deleting the provision thereof awarding the father visitation with the children every extended weekend (in which the Monday immediately following the weekend is a school holiday) from 6:30 P.M. on Friday to 12:00 P.M. on Monday and substituting therefor a provision awarding the father visitation with the children every extended weekend from 6:30 P.M. on Friday to 3:00 P.M. on Monday; as so modified, the amended order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Family Court's determination that relocation of the parties' children to the state of Connecticut was in the best interests of the children is supported by a sound and substantial basis in the record (*see Matter of Tropea v Tropea*, 87 NY2d 727, 739 [1996]; *Matter of Cooke v Alaimo*, 44 AD3d 655 [2007]; *Matter of Fegadel v Anderson*, 40 AD3d 1091 [2007]; *Tornheim v Tornheim*, 28 AD3d 535 [2006]).

The Family Court improvidently exercised its discretion in granting that branch of the father's petition which was for sole legal custody of the children. Where divorced parents exercising joint custody have demonstrated an ability to communicate with each other and work together for their children's benefit, the custody arrangement should not be set aside by a court (*Matter of Reed v Bernhardt*, 33 AD3d 1160 [2006]; *Matter of Blanchard v Blanchard*, 304 AD2d 1048 [2003]). Here, contrary to the father's contention, the record does not demonstrate that the parties' relationship was "so acrimonious, embattled, and embittered" (*Granata v Granata*, 289 AD2d 527, 528 [2001]) as to effectively preclude joint decision making, such that joint custody was no longer in the best interests of the children (*see Braiman v Braiman*, 44 NY2d 584 [1978]; *Crane v Crane*, 264 AD2d 749 [1999]). Moreover, under the circumstances of this case, we find that the award of sole legal custody to the father "unnecessarily complicates effective decision making during the time the [children are] physically with the [mother]" (*Gainey v Gainey*, 303 AD2d 628, 630 [2003]; *see Chamberlain v Chamberlain*, 24 AD3d 589 [2005]).

The modification of the visitation schedule set forth herein will allow a continuation of a meaningful relationship between

the father and the children (*see Matter of Wisloh-Silverman v Dono*, 39 AD3d 555 [2007]; *Matter of Cooke v Alaimo*, 44 AD3d 655 [2007]), and will more appropriately meet the best interests of the children. Spolzino, J.P., Santucci, Angiolillo and Balkin, JJ., concur.