In the Matter of TAMERA LINN, Respondent, v CLIFTON WILSON, Appellant. [891 NYS2d 583]—

Memorandum: Respondent father appeals from an order that, inter alia, granted the petition to modify a prior order of custody and visitation by granting petitioner mother permission for the parties' child to relocate with her to Alabama. We reject the father's contention that Family Court abused its discretion in failing to direct that the mother be examined by a psychiatrist or psychologist (*see* Family Ct Act § 251 [a]). " '[T]he decision whether to direct [such an] evaluation in a child custody dispute

is within the sound discretion of the court' " (*Matter of Kubista v Kubista*, 11 AD3d 743, 745 [2004]). The father failed to meet his burden of squarely placing the need for such an evaluation before the court, and the record does not otherwise provide a basis for the conclusion that such an evaluation is necessary (*see Matter of Heintz v Heintz*, 275 AD2d 971 [2000]; *Matter of Peters v Peters*, 260 AD2d 952 [1999]). Although the mother admitted that she had been diagnosed with bipolar disorder, the record establishes that she consistently maintained a drug treatment regimen for nearly 20 years and was under the care of a family physician. The father, on the other hand, did not submit any evidence that the mother's mental health condition was poorly maintained or unregulated.

We further conclude that the court properly granted the mother's petition based upon the factors set forth in *Matter of Tropea v Tropea* (87 NY2d 727, 740-741 [1996]). The mother met her burden of establishing by a preponderance of the evidence that the proposed relocation would be in the best interests of the child (*see Matter of Scialdo v Cook*, 53 AD3d 1090, 1092 [2008]). The mother has been the primary caretaker of the child since his birth (*see id.*), and the father has not consistently exercised the visitation to which he was entitled under the prior order. Indeed, the court found the testimony of the father concerning his actual time spent with the child to be "vague and evasive." Present—Hurlbutt, J.P., Smith, Fahey and Carni, JJ.