# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**112**

**CAF 14-00045**

PRESENT: SMITH, J.P., CARNI, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF LATESHA S. MAYES,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

THOMAS D. LAPLATNEY, RESPONDENT-RESPONDENT.

---

KELLY M. CORBETT, FAYETTEVILLE, FOR PETITIONER-APPELLANT.

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR RESPONDENT-RESPONDENT.

LOURDES P. ROSARIO, ATTORNEY FOR THE CHILD, SYRACUSE.

---

Appeal from an order of the Family Court, Onondaga County (Salvatore Pavone, R.), entered December 26, 2013 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded the parties joint legal and shared physical custody of the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner mother appeals from an order awarding the parties joint legal custody and shared physical custody of their child. According to the mother, the Referee who presided over the evidentiary hearing should have awarded her sole legal custody and primary physical custody. Although the Attorney for the Child (AFC) concludes that the Referee's custody award was proper, the AFC nevertheless asks us to remit the matter for "further review" in light of events that have occurred since entry of the order. We affirm.

As a preliminary matter, we note that the mother, at the end of the trial, informed the Referee that, although she was seeking primary physical custody, she was not opposed to the parties having joint legal custody. Thus, she should not now be heard to complain that the Referee erred in failing to award her sole legal custody. In any event, there is a sound and substantial basis in the record to support the Referee's award of joint legal custody, inasmuch as, despite conflicts between them, "the parties are not so embattled and embittered as to effectively preclude joint decision making" (*Capodiferro v Capodiferro*, 77 AD3d 1449, 1450 [internal quotation marks omitted]). We similarly conclude that there is a sound and

substantial basis in the record to support the Referee's award of shared physical custody (*see generally Matter of Misty D.B. v David M.S.*, 38 AD3d 1317, 1317; *Wideman v Wideman*, 38 AD3d 1318, 1319). Although the mother had been the child's primary caregiver since birth, other factors weighed in favor of giving the father equal time with the child.  In sum, the record reflects that the Referee's determination with respect to the parenting schedule was "the product of 'careful weighing of [the] appropriate factors' " (*Matter of McLeod v McLeod*, 59 AD3d 1011, 1011), and we perceive no basis to disturb it.

We agree with the mother that the Referee abused his discretion in refusing to allow the child's maternal grandmother to testify as a fact witness at trial.  Although the mother failed to include her on the witness list 14 days prior to trial, as directed by Family Court's scheduling order, the father was not prejudiced by the late notice because he was informed five days prior to trial of the mother's request to call the witness, and there is no indication in the record that the mother's failure to comply with the scheduling order was willful, contumacious or motivated by bad faith (*see Matter of F/B Children*, 161 AD2d 459, 462; *see generally Breen v Laric Entertainment Corp.*, 2 AD3d 298, 300; *Halley v Winnicki*, 255 AD2d 489, 489-490). Nevertheless, we conclude that the error is harmless inasmuch as the witness in question did testify at trial, albeit on rebuttal, and the mother does not specify what testimony the witness could have given on direct examination that was not offered by the mother herself.

Finally, we decline the AFC's invitation to remit the matter for further proceedings in light of events that have taken place subsequent to entry of the order on appeal (*cf. Matter of Kennedy v Kennedy*, 107 AD3d 1625, 1626).  Those events may be more properly considered by Family Court pursuant to a petition to modify custody based upon a change in circumstances.

Entered:  February 13, 2015                      Frances E. Cafarell
                                                 Clerk of the Court