Appeal from an order of the Supreme Court, Nassau County (Fran Ricigliano, J.), dated May 5, 2016. The order, insofar as appealed from, after a hearing, granted the mother’s petition to modify the custody provisions of a stipulation of settlement dated May 28, 2014, so as to award her sole custody of the parties’ child, and granted the mother’s family offense petition, which had been transferred from the Family Court to the Supreme Court.
 

 Ordered that the order is modified, on the law and the facts, by deleting the provision thereof granting the mother’s family offense petition, and substituting therefor a provision denying the mother’s family offense petition; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
 

 The parties were divorced by a judgment entered September 3, 2014, which incorporated, but did not merge, a stipulation of settlement dated May 28, 2014. The stipulation provided for joint legal custody of the parties’ child, with primary physical custody to the mother and parenting time to the father. On December 17, 2014, the mother filed a family offense petition in the Family Court, alleging that the father had committed various family offenses in relation to an incident that occurred after a school play and subsequent text messages. The mother thereafter filed a petition in the Family Court seeking to modify the custody provisions of the stipulation so as to award her sole custody of the child. The Family Court proceedings were transferred to the Supreme Court and consolidated with the matrimonial action. After a hearing, the Supreme Court granted the mother’s petitions. The court modified the stipulation so as to award the mother sole custody of the child, and to limit the father to agency-supervised visitation until he petitioned the court for resumption of unsupervised parenting time upon three negative monthly toxicology reports. The court further determined that the father had committed the family offenses of disorderly conduct and menacing in the third degree based on the mother’s credible testimony that he grabbed and pulled the child’s hand or wrist and threatened to punch the mother during the incident after the play. The father appeals.
 

 “A party seeking modification of an existing custody arrangement must show the existence of such a change in circumstances that modification is required to ensure the continued best interests of the child” (Matter of Sidorowicz v Sidorowicz, 101 AD3d 737, 738 [2012]; see Matter of Fargasch v Alves, 116 AD3d 774 [2014]). Joint custody is encouraged “as a voluntary alternative for relatively stable, amicable parents behaving in mature civilized fashion” (Braiman v Braiman, 44 NY2d 584, 589-590 [1978]). Where parents have evidenced an inability to cooperate on matters concerning the child, joint custody is inappropriate (see Bliss v Ach, 56 NY2d 995, 998 [1982]; Matter of Edwards v Rothschild, 60 AD3d 675, 677 [2009]). Thus, “[a] change from joint legal custody to sole custody by one parent is warranted where ‘the parties’ relationship is so acrimonious that it effectively precludes joint decision-making’ ” (Matter of Schweizer v Jablesnik, 95 AD3d 1341, 1342 [2012], quoting Matter of Picado v Doan, 90 AD3d 932, 933 [2011]). “Inasmuch as a court’s custody determination is dependent in large part upon its assessment of the witnesses’ credibility and upon the character, temperament, and sincerity of the parents, the court’s exercise of its discretion will not be disturbed if supported by a sound and substantial basis in the record” (Matter of Pena v Cordero, 152 AD3d 697, 698 [2017]; see Eschbach v Eschbach, 56 NY2d 167, 173-174 [1982]).
 

 Here, the Supreme Court properly determined that the acrimony between the parties and their demonstrated inability to cooperate on matters concerning the child made continued joint custody inappropriate (see Bliss v Ach, 56 NY2d at 998; Matter of Schweizer v Jablesnik, 95 AD3d at 1342). Further, given the evidence that the father had experienced financial and housing instability since the stipulation, while the mother provided a stable and loving home for the child, there was a sound and substantial basis in the record for the court’s determination that an award of sole custody to the mother was in the child’s best interests (see Eschbach v Eschbach, 56 NY2d at 171-174; Matter of Solomon v Mellion, 136 AD3d 928, 929 [2016]). The father’s allegation of judicial bias against him is unpreserved for appellate review (see Matter of Biancoviso v Barona, 150 AD3d 990, 991 [2017]). In any event, the record contains no evidence of such bias (see Matter of E.D. v D.T., 152 AD3d 583, 585 [2017]; Seborovski v Kirschtein, 117 AD3d 627, 627 [2014]; Matter of Davis v Pignataro, 97 AD3d 677, 678 [2012]).
 

 However, the Supreme Court erred in determining that the father had committed the family offenses of disorderly conduct and menacing in the third degree. The evidence did not establish that the father intended to cause, or recklessly created a risk of causing, public inconvenience, annoyance, or alarm (see Penal Law § 240.20; Matter of Little v Renz, 137 AD3d 916, 916 [2016]; Matter of Cassie v Cassie, 109 AD3d 337, 342 [2013]). The father’s verbal threat to punch the mother was insufficient to support a finding of menacing in the third degree, inasmuch as the statute “requires a ‘physical menace,’ i.e., a physical act which places the victim in fear of imminent serious injury” (People v Nwogu, 22 Misc 3d 201, 204 [Crim Ct, Queens County 2008], quoting Penal Law § 120.15; see Matter of Akheem B., 308 AD2d 402, 403 [2003]; People v Sylla, 7 Misc 3d 8, 9 [App Term, 2d Dept. 2d & 11th Jud Dists 2005]; People v Stephens, 100 Misc 2d 267, 268 [Suffolk Dist Ct 1979]). Further, there was no showing that the father placed the child in imminent fear of physical injury, or that he intended to do so (see Penal Law § 120.15).
 

 Contrary to the mother’s contention, the evidence did not support a finding that the text messages the father sent to her constituted the family offense of aggravated harassment in the second degree. Although the text messages were vulgar and insulting, they did not contain any true threats of physical harm to the mother or the child, or of unlawful harm to the mother’s property (see Penal Law § 240.30; People v Orr, 47 Misc 3d 1213[A], 2015 NY Slip Op 50568[U], *3-4 [Crim Ct, NY County 2015]). Accordingly, the Supreme Court should have denied the mother’s family offense petition. We note that the court’s custody determination did not rely on its finding that the father committed a family offense.
 

 Rivera, J.P., Cohen, Miller and Barros, JJ., concur.