Matter of Latray v Hewitt (2020 NY Slip Op 01745)





Matter of Latray v Hewitt


2020 NY Slip Op 01745


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND BANNISTER, JJ.


125 CAF 18-02344

[*1]IN THE MATTER OF GARY LATRAY, PETITIONER-APPELLANT,
v
ANDREA HEWITT, RESPONDENT-RESPONDENT. (APPEAL NO. 1.) 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR PETITIONER-APPELLANT.
STEPHANIE N. DAVIS, OSWEGO, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Onondaga County (Karen Stanislaus, R.), entered September 5, 2018 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition. 
It is hereby ORDERED that said appeal from the order insofar as it concerns the parties' oldest child is unanimously dismissed and the order is affirmed without costs.
Memorandum: In appeal No. 1, Gary Latray, the petitioner in appeal No. 1 and the respondent in appeal No. 2 (father), appeals from an order dismissing his petition seeking to modify the parties' existing custody arrangement by awarding him sole custody of the subject children. In appeal No. 2, the father appeals from an order that, in effect, granted the petition of Andrea Hewitt, the respondent in appeal No. 1 and the petitioner in appeal No. 2 (mother), seeking to modify the parties' custody arrangement by establishing a definitive parenting schedule and directed that the parties shall continue to have joint legal and shared physical custody of the children. We note at the outset that the parties' oldest child has attained the age of 18, and we therefore dismiss as moot both appeals from the orders insofar as they concern that child (see Matter of Graham v Thering, 55 AD3d 1319, 1320 [4th Dept 2008], lv denied 11 NY3d 714 [2008]).
We reject the father's contention in both appeals that Family Court erred in refusing to award him sole custody of the children and in continuing the preexisting custodial arrangement. "Even assuming, arguendo, that the father met his threshold burden of demonstrating a change in circumstances sufficient to justify a best interests analysis" (Matter of William F.G. v Lisa M.B., 169 AD3d 1428, 1430 [4th Dept 2019]), we conclude that the court's determination that the preexisting custodial arrangement is in the children's best interests is supported by a sound and substantial basis in the record (see generally Matter of Mayes v Laplatney, 125 AD3d 1488, 1489 [4th Dept 2015]).
Although the Attorney for the Children (AFC) contends that the court should have awarded sole custody to the mother, the AFC did not file a notice of appeal, nor did the mother. Thus, the AFC's contention is not properly before us (see generally Matter of Lawrence v Lawrence, 151 AD3d 1879, 1879 [4th Dept 2017]; Matter of Kessler v Fancher, 112 AD3d 1323, 1324 [4th Dept 2013]).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court