Matter of Andross v Aiello (2020 NY Slip Op 02584)





Matter of Andross v Aiello


2020 NY Slip Op 02584


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, TROUTMAN, AND DEJOSEPH, JJ.


461 CAF 18-01303

[*1]IN THE MATTER OF DOUGLAS B. ANDROSS, PETITIONER-RESPONDENT-RESPONDENT,
v
TIFFANY P. AIELLO, RESPONDENT-PETITIONER-APPELLANT. 






TIFFANY P. AIELLO, RESPONDENT-PETITIONER-APPELLANT PRO SE. 
DUKE LAW FIRM, P.C., LAKEVILLE (SUSAN K. DUKE OF COUNSEL), FOR PETITIONER-RESPONDENT-RESPONDENT.


 Appeal from an order of the Family Court, Monroe County (Julie Anne Gordon, R.), entered May 15, 2018 in proceedings pursuant to Family Court Act article 6. The order, among other things, granted the parties joint custody of the subject child with primary residence and placement to be with petitioner-respondent. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent-petitioner mother appeals from an order that, inter alia, continued joint custody of the parties' child and granted in part the petition of petitioner-respondent father by modifying the visitation provisions of a prior order of custody and visitation. We affirm.
We conclude that "the mother waived her contention that the father failed to establish the requisite change in circumstances warranting an inquiry into the best interests of the child[ ] inasmuch as she alleged in her [amended] cross petition that there had been such a change in circumstances" (Matter of Muriel v Muriel, 179 AD3d 1529, 1529 [4th Dept 2020]; see Matter of Rice v Wightman, 167 AD3d 1529, 1530 [4th Dept 2018], lv denied 33 NY3d 903 [2019]; Matter of Biernbaum v Burdick, 162 AD3d 1664, 1665 [4th Dept 2018]). In any event, we conclude that the father established the requisite change in circumstances (see Trimarco v Trimarco, 154 AD3d 792, 794 [2d Dept 2017]; Matter of Keefe v Adam, 85 AD3d 1225, 1226 [3d Dept 2011]; cf. Matter of Bobroff v Farwell, 57 AD3d 1284, 1285 [3d Dept 2008]).
Contrary to the mother's further contention, we conclude that Family Court properly determined that modifying the visitation schedule was in the best interests of the child. The record establishes that the court's determination resulted from a "careful weighing of [the] appropriate factors . . . , and . . . has a sound and substantial basis in the record" (Biernbaum, 162 AD3d at 1665 [internal quotation marks omitted]; see Matter of La Scola v Litz, 258 AD2d 792, 793 [3d Dept 1999], lv denied 93 NY2d 809 [1999]; Matter of Hartman v Hartman, 214 AD2d 780, 782 [3d Dept 1995]). Moreover, given the parties' past acrimony, the court properly determined "that it was appropriate to divide the decision-making authority with respect to the child[ ]" (Matter of Wideman v Wideman, 38 AD3d 1318, 1319 [4th Dept 2007]; see Matter of Delgado v Frias, 92 AD3d 1245, 1245 [4th Dept 2012]).
We have reviewed the mother's remaining contentions and conclude that none warrants modification or reversal of the order. Finally, we note that the father's contention that the mother was awarded excessive visitation that should be reduced is not properly before us in the absence of a cross appeal (see Matter of Mercado v Frye, 104 AD3d 1340, 1343 [4th Dept 2013], lv [*2]denied 21 NY3d 859 [2013]; Matter of Kramer v Berardicurti, 79 AD3d 1794, 1794 [4th Dept 2010], lv denied 16 NY3d 712 [2011]; see also Matter of Briggs v Briggs, 171 AD3d 741, 744 [2d Dept 2019]; see generally Hecht v City of New York, 60 NY2d 57, 60-61 [1983]).
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court