Matter of Rivas v Rivas (2021 NY Slip Op 02164)





Matter of Rivas v Rivas


2021 NY Slip Op 02164


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2019-11000
 (Docket Nos. V-24538-16, V-24539-16)

[*1]In the Matter of Amalio Rivas, etc., respondent,
v
Magdalia Rivas, appellant. (Proceeding No. 1.)
In the Matter of Magdalia Rivas, appellant,
v
Amalio Rivas, etc., respondent. (Proceeding No. 2.)


Jill M. Zuccardy, New York, NY, for appellant.
Carol Kahn, New York, NY, for respondent.
Barbara J. Caravello, Jamaica, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Lauren Norton-Lerner, Ct. Atty. Ref.), dated September 3, 2019. The order, insofar as appealed from, granted that branch of the father's petition which was for sole legal custody of the parties' children, directed that the children are not permitted to travel as unaccompanied minors until the younger child reaches the age of 13, and awarded the mother only four weeks of parental access time with the children during the summer.
ORDERED that the order is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the father's petition which was for sole legal custody of the parties' children, and substituting therefor a provision denying that branch of the petition, and (2) by deleting the provision thereof awarding the mother four weeks of parental access time with the children during the summer, and substituting therefor a provision awarding the mother parental access time with the children for their entire summer vacation, with a return to the father one week before school starts; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The parties were divorced in the State of Connecticut and have two children. The divorce decree, inter alia, granted the parties joint legal custody of the children, with primary physical custody to the mother. In 2016, the children began residing primarily with the father so that the mother could pursue career advancement as a flight attendant. The mother moved to Florida in December 2016, without the children. Subsequently, the father filed a petition for sole custody of the children. The mother filed a petition for sole custody of the children and for permission to relocate with them to Florida.
After a hearing and an in camera interview with the children, the Family Court issued an order denying the mother's request for permission to relocate with the children and awarding the father primary physical custody and sole legal custody of the children. The court also, inter alia, [*2]directed that the children are not permitted to travel as unaccompanied minors until the younger child reaches the age of 13 and awarded the mother four weeks of parental access time during the summer. The mother appeals from those portions of the order awarding sole legal custody to the father and pertaining to the age restriction on unaccompanied travel for the children and her summer parental access time.
"To modify an existing custody order, the parent seeking the modification must establish a substantial change in circumstances since the initial custody determination such that the modification is necessary to protect the best interests of the child[ren]" (Matter of Moore v Gonzalez, 134 AD3d 718, 719). "Where divorced parents exercising joint custody have demonstrated an ability to communicate with each other and work together for their children's benefit, the custody arrangement should not be set aside by a court" (Matter of Grasso v Grasso, 51 AD3d 920, 921). Here, while the record indicates that the parties have communication issues, neither party offered evidence that their relationship is so acrimonious that joint legal custody is unworkable (see Matter of Hills v Madrid, 57 AD3d 1175, 1177). Accordingly, the parties should continue to share joint legal custody of the children (see Matter of Grasso v Grasso, 51 AD3d at 921), and that branch of the father's petition which was for sole legal custody of the children should have been denied.
The father, in his brief, consented to the mother having parental access time with the children for the entire summer. There is nothing in the record indicating that this is not in the children's best interests. Therefore, the mother is awarded parental access time with the children for their entire summer vacation, with a return to the father one week before the start of the school year.
Based upon a prior incident involving unaccompanied travel by the children, the Family Court providently exercised its discretion in directing that the children are not permitted to travel as unaccompanied minors until the younger child reaches the age of 13.
CHAMBERS, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court