Matter of Robinson v Mustakas (2023 NY Slip Op 01515)

Matter of Robinson v Mustakas

2023 NY Slip Op 01515

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-00707
 (Docket Nos. V-5897-15/21K, V-5897-15/21L)

[*1]In the Matter of Jeffrey M. Robinson, appellant,
v
Joan G. Mustakas, respondent. (Proceeding No. 1)
In the Matter of Joan G. Mustakas, respondent,
v
Jeffrey M. Robinson, appellant. (Proceeding No. 2)

Kelley M. Enderley, Poughkeepsie, NY, for appellant.
Feldman, Kleidman, Coffey & Sappe, LLP, Fishkill, NY (Terry D. Horner of counsel), for respondent.
Irene J. Goldsmith, White Plains, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Dutchess County (Tracy C. MacKenzie, J.), dated December 22, 2021. The order, insofar as appealed from, after a hearing, in effect, granted the mother's petition to modify an order of the same court dated January 29, 2019, so as to award her sole custody of the parties' child to the extent of awarding her sole legal custody of the child, and denied that branch of the father's amended petition which was, in effect, to modify the order dated January 29, 2019, so as to award him final decision-making authority with regard to the child.
ORDERED that the order dated December 22, 2021, is affirmed insofar as appealed from, without costs or disbursements.
The parties have one child together, born in 2012. Pursuant to an order dated January 29, 2019, issued on consent (hereinafter the prior order), the parties were awarded joint legal custody of the child, with final decision-making authority to the mother, the primary custodial parent. In July 2021, the father filed an amended petition seeking, inter alia, in effect, to modify the prior order so as to award him final decision-making authority with regard to the child. Subsequently, the mother filed a petition to modify the prior order so as to award her sole custody of the child. After a hearing, the Family Court, among other things, in effect, granted the mother's petition to the extent of awarding her sole legal custody of the child, and denied that branch of the father's amended petition which was, in effect, to modify the prior order so as to award him final decision-making authority with regard to the child. The father appeals.
A party seeking modification of an existing court-ordered custody arrangement must "show the existence of such a change in circumstances that modification is required to ensure the [*2]continued best interests of the child" (Matter of Connell-Charleus v Charleus, 192 AD3d 890, 890 [internal quotation marks omitted]; see Matter of Errante v Murry, 172 AD3d 711, 712). "[J]oint custody is encouraged primarily as a voluntary alternative for relatively stable, amicable parents behaving in mature civilized fashion" (Braiman v Braiman, 44 NY2d 584, 589-590; see Matter of Connell-Charleus v Charleus, 192 AD3d at 891). "Where parents have evidenced an inability to cooperate on matters concerning the child, joint custody is inappropriate" (Paruchuri v Akil, 156 AD3d 712, 713; see Bliss v Ach, 56 NY2d 995, 998). "Inasmuch as custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the hearing court's findings in this regard, and the court's findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Tedesco v Mazzara, 206 AD3d 917, 919 [alterations and internal quotation marks omitted]; see Matter of Cook v Sierra, 190 AD3d 732, 733).
Here, the record demonstrates that the parties' relationship continued to deteriorate since the issuance of the prior order, and that the father habitually insulted and belittled the mother when she tried to communicate with him about the child (see Matter of Errante v Murry, 172 AD3d at 713). The continued deterioration of the parties' relationship is a change in circumstances warranting a change in the joint legal custody arrangement (see Matter of Connell-Charleus v Charleus, 192 AD3d at 891; Matter of Moore v Gonzalez, 134 AD3d 718, 720). The Family Court properly determined that the father's acrimony toward the mother and his demonstrated inability to cooperate on matters concerning the child made continued joint legal custody inappropriate (see Matter of Connell-Charleus v Charleus, 192 AD3d at 891; Paruchuri v Akil, 156 AD3d at 713). Further, given the evidence that the mother, as the primary custodial parent with final decision-making authority, made appropriate decisions for the child, while the father appeared to be guided by his anger toward the mother rather than the child's well-being, there is a sound and substantial basis in the record for the court's determination that an award of sole legal custody to the mother was in the child's best interests (see Matter of Lewis-Daniel v Daniel, 176 AD3d 940, 942; Matter of Moore v Gonzalez, 134 AD3d at 720).
Accordingly, the Family Court properly granted the mother's petition to the extent of awarding her sole legal custody of the child, and properly denied that branch of the father's amended petition which was, in effect, to modify the prior order so as to award him final decision-making authority with regard to the child.
The mother's request for certain affirmative relief is not properly before this Court, as she did not cross-appeal from the order appealed from (see Matter of Khost v Ciampi, 189 AD3d 1409, 1410).
IANNACCI, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court