Matter of Bristow v Patrice (2023 NY Slip Op 05603)

Matter of Bristow v Patrice

2023 NY Slip Op 05603

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-06850
 (Docket Nos. V-5220-17/21I, V-5220-17/21L, V-5220-17/22M)

[*1]In the Matter of Jivaro T. Bristow, appellant,
v
Keyshia Patrice, respondent. (Proceeding No. 1)
In the Matter of Keyshla Patrice, respondent,
Jivaro Bristow, appellant. (Proceeding No. 2)

Thomas T. Keating, Dobbs Ferry, NY, for appellant.
Joseph Petito, Poughkeepsie, NY, for respondent.
Donna M. Genovese, White Plains, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Dutchess County (Joseph A. Egitto, J.), dated June 23, 2022. The order, insofar as appealed from, after a hearing, in effect, denied that branch of the father's petition which was, in effect, to modify an order of the same court dated May 17, 2021, so as to award him unrestricted parental access, and modified the order dated May 17, 2021, so as to award the mother sole legal custody of the parties' child.
ORDERED that the order dated June 23, 2022, is modified, on the law, by deleting the provision thereof modifying the order dated May 17, 2021, so as to award the mother sole legal custody of the parties' child; as so modified, the order dated June 23, 2022, is affirmed insofar as appealed from, without costs or disbursements.
The parties have one child together, born in 2011. Pursuant to an order dated May 17, 2021, issued on consent (hereinafter the 2021 order), the mother and the father were awarded joint legal custody of the child, with primary residential custody to the mother and parental access to the father. The 2021 order restricted the father's parental access to visits in public locations. The father filed a petition to modify the 2021 order so as to award him primary residential custody of the child or, in effect, in the alternative, to award him parental access that was not restricted to public locations. The mother filed a petition to modify the parental access provisions of the 2021 order. After a hearing, the Family Court, in effect, denied the father's petition, determining that a change in primary residential custody was not warranted and continuing the restriction on the father's parental access. Additionally, the court, finding that joint legal custody was no longer feasible, modified the 2021 order so as to award the mother sole legal custody of the child. The father [*2]appeals.
"In order to modify an existing custody or parental access arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child" (Matter of Johnson v McWilliams, 212 AD3d 620, 621 [internal quotation marks omitted]). "The paramount concern in [making such] determination is the best interests of the child, under the totality of the circumstances" (Matter of Blackman v Barge, 207 AD3d 537, 539). Since the Family Court's determination with respect to custody and parental access depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Langenau v Hargrove, 198 AD3d 650, 651-652; Matter of Henry v Fiala, 184 AD3d 562, 563).
Here, the Family Court's determination awarding the mother sole legal custody of the child lacks a sound and substantial basis in the record. The record does not demonstrate that the parties' relationship was so acrimonious as to effectively preclude joint decision-making, such that joint legal custody was no longer in the best interests of the child (see Matter of Rivas v Rivas, 193 AD3d 745; Matter of Grasso v Grasso, 51 AD3d 920, 921). Further, the forensic evaluator recommended that decision-making continue to be shared by both parents. Accordingly, the parties should continue to share joint legal custody of the child (see Matter of Rivas v Rivas, 193 AD3d at 745). We note that on appeal, the father does not contend that he should be awarded primary residential custody of the child.
However, contrary to the father's contention, there is a sound and substantial basis in the record for the Family Court's determination, in effect, denying that branch of his petition which was, in effect, to modify the 2021 order so as to award him unrestricted parental access. The father failed to demonstrate a change in circumstances such that modification of the 2021 order so as to award him unrestricted parental access was necessary to ensure the child's best interests (see generally Matter of Ramsey v Faustin, 213 AD3d 942, 943).
The father's remaining contention is not properly before this Court.
CONNOLLY, J.P., GENOVESI, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court