Matter of Akerele v Garnett (2024 NY Slip Op 01805)

Matter of Akerele v Garnett

2024 NY Slip Op 01805

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-07684
 (Docket Nos. V-1293-17/21K/21M, O-1134-21)

[*1]In the Matter of Oluwaseyi Akerele, respondent,
v
Deborah Garnett, appellant. (Proceeding No. 1.)
In the Matter of Deborah Garnett, appellant,
v
Oluwaseyi Akerele, respondent. (Proceeding No. 2.)

Kelley M. Enderley, Poughkeepsie, NY, for appellant.
Thomas T. Keating, Dobbs Ferry, NY, for respondent.
Carl S. Chu, Hopewell Junction, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, the mother appeals from an order of the Family Court, Dutchess County (Joseph A. Egitto, J.), dated August 19, 2022. The order, insofar as appealed from, after a hearing, granted the father's petition, in effect, to modify an order of the same court dated February 9, 2021, made on consent of the parties, so as to award him sole legal and physical custody of the parties' child, with parental access to the mother, and denied the mother's petition to modify the order dated February 9, 2021, so as to award her sole legal and physical custody of the parties' child.
ORDERED that the order dated August 19, 2022, is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, have one child in common, born in 2017. Pursuant to an order dated February 9, 2021 (hereinafter the prior order), made on consent of the parties, the mother and the father were awarded joint legal and physical custody of the child, with the child alternating every four weeks between the mother's residence in New York and the father's residence in Maryland.
In April 2021, each party filed a petition seeking, in effect, to modify the prior order so as to award them sole legal and physical custody of the child. After a hearing, the Family Court, among other things, denied the mother's petition, granted the father's petition, and set forth a parental access schedule. The mother appeals.
The paramount concern when making a modification determination "is the best interests of the child under the totality of the circumstances" (Matter of Burke v Squires, 202 AD3d 784, 785 [internal quotation marks omitted]). Factors to be considered include "the quality of the [*2]home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Barrow v Carcaterra, 210 AD3d 889, 890 [internal quotation marks omitted]). "Where parents have evidenced an inability to cooperate on matters concerning the child, joint custody is inappropriate" (Paruchuri v Akil, 156 AD3d 712, 713). "Inasmuch as custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the hearing court's findings in this regard, and the court's findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Robinson v Mustakas, 214 AD3d 880, 881 [internal quotation marks omitted]).
Here, the Family Court's determination that the child's best interests were served by awarding the father sole legal and physical custody of the child is supported by a sound and substantial basis in the record. Among other things, the record demonstrates that the acrimonious relationship between the parents rendered a joint custodial arrangement inappropriate (see id. at 881). Additionally, although both parents had a positive relationship with the child, the father appears better suited to manage the child's chronic medical needs (see Matter of Pierce v Caputo, 214 AD3d 877, 879). The record also supports the court's conclusion that the father would foster a better relationship between the child and the other parent (see id. at 879; Matter of Gayle v Muir, 211 AD3d 942, 944). Contrary to the mother's contention, the court was not required to follow the recommendation of a forensic evaluator (see Matter of Pierce v Caputo, 214 AD3d at 879; Cunningham v Brutman, 150 AD3d 815, 816).
BARROS, J.P., CHRISTOPHER, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court