Matter of Vizueta v Wiley (2024 NY Slip Op 01931)

Matter of Vizueta v Wiley

2024 NY Slip Op 01931

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2022-07340
2022-07341
 (Docket Nos. V-516-17/19C, V-516-17/19D)

[*1]In the Matter of Kathleen Vizueta, respondent,
v
Joseph Wiley, appellant. (Proceeding No. 1)
In the Matter of Joseph Wiley, appellant,
v Kathleen Vizueta, respondent. (Proceeding No. 2)

Allan D. Shafter, Port Washington, NY, for appellant.
Jennifer Arditi, Maspeth, NY, for respondent.
Kenneth M. Tuccillo, Hastings-on-Hudson, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Queens County (Elizabeth L. Fassler, J.), dated July 25, 2022, and (2) an order of the same court also dated July 25, 2022. The first order, after a hearing, granted the mother's petition to modify the custody provisions of the parties' judgment of divorce so as to award her sole legal custody of the parties' oldest child. The second order dismissed the father's petition to modify the custody provisions of the parties' judgment of divorce so as to award him sole residential custody of the parties' oldest child.
ORDERED that the orders are affirmed, without costs or disbursements.
The parties were divorced by a judgment of divorce dated March 30, 2016. The judgment of divorce incorporated, but did not merge, a stipulation of settlement in which the parties agreed to joint legal custody of their oldest child, with residential custody to the mother. In March 2019, the father filed a petition to modify the custody provisions of the judgment of divorce so as to award him sole residential custody of the child. In July 2019, the mother filed a petition to modify the custody provisions of the judgment of divorce so as to award her sole legal custody of the child. During the pendency of these proceedings, various temporary orders of parental access were issued, and in particular, beginning on April 16, 2021, the father's parental access was, primarily, allocated to alternating weekends and on Thursday from after school until the next morning on those weeks in which the father did not have weekend parental access.
A hearing on the petitions commenced in January 2022, prior to which the parties and [*2]the attorney for the child stipulated that there was a sufficient change in circumstances to warrant modification of the custody arrangement, and therefore the issue at the hearing was limited to whether a modification of the custody provisions of the judgment of divorce was in the best interests of the child. In an order dated July 25, 2022, the Family Court granted the mother's petition and awarded her sole legal custody of the child. The court also continued the parental access schedule then in place. In addition, in another order dated July 25, 2022, the court dismissed the father's petition. The father appeals from both orders.
"'[T]he Family Court has broad discretion in fashioning a remedy in matters of custody and [parental access], with the paramount concern being the best interests of the child'" (Matter of Johnson v Kelly, 193 AD3d 735, 737, quoting Matter of Lew v Lew, 152 AD3d 520, 521 [internal quotation marks omitted]). "'[J]oint custody is encouraged primarily as a voluntary alternative for relatively stable, amicable parents behaving in mature civilized fashion'" (Matter of Robinson v Mustakas, 214 AD3d 880, 880, quoting Braiman v Braiman, 44 NY2d 584, 589-590). "'Where parents have evidenced an inability to cooperate on matters concerning the child, joint custody is inappropriate'" (Matter of Robinson v Mustakas, 214 AD3d at 881, quoting Paruchuri v Akil, 156 AD3d 712, 713).
Here, the Family Court properly determined that the nature of the relationship between the parties and their demonstrated inability to cooperate on matters concerning the child made continued joint custody inappropriate (see Matter of Robinson v Mustakas, 214 AD3d at 880-881; Paruchuri v Akil, 156 AD3d at 713). Furthermore, the court's determination to award the mother sole legal custody of the child was supported by a sound and substantial basis in the record (see Matter of Robinson v Mustakas, 214 AD3d at 880-881; Paruchuri v Akil, 156 AD3d at 713). The mother demonstrated that she had been acting as the child's primary residential and legal custodian during the relevant period, and that she had exercised her decision-making authority appropriately. The court's determination to deny expanded parental access to the father was also supported by a sound and substantial basis in the record (see Matter of Shisgal v Abels, 179 AD3d 1070, 1071-1072; Matter of McDonough v McDonough, 73 AD3d 1067, 1069).
The father's remaining contentions are either not properly before this Court or without merit.
DILLON, J.P., GENOVESI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court