Matter of Watson v Miller (2025 NY Slip Op 02924)

Matter of Watson v Miller

2025 NY Slip Op 02924

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2024-03643
 (Docket Nos. V-13365-21, V-13366-21, V-2444-22, V-2445-22)

[*1]In the Matter of Jerome Watson, appellant,
v
Taneisha Miller, respondent. (Proceeding No. 1)
In the Matter of Taneisha Miller, respondent,
v Jerome Watson, appellant. (Proceeding No. 2) 

Austin I. Idehen, Jamaica, NY, for appellant.
Peter Wilner, New York, NY, for respondent.
Liberty Aldrich, Brooklyn, NY (Janet Neustaetter of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Genevieve Tahang-Behan, Ct. Atty. Ref.), dated February 16, 2024. The order, insofar as appealed from, after a hearing, denied the father's petition for sole legal and physical custody of the parties' children and granted the mother's petition for sole legal and physical custody of the children.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of two children, born in February 2010 and February 2013. The parties and the children resided together until the parties separated in 2014 or 2015, after which the children resided primarily with the father until 2020, when they began residing primarily with the mother. The father filed a petition for sole legal and physical custody of the children in November 2021, and the mother filed a petition for sole legal and physical custody of the children in January 2022. After a hearing, the Family Court denied the father's petition and granted the mother's petition. The father appeals.
"The paramount concern in matters of custody and parental access is the best interests of the child under the totality of the circumstances" (Matter of Sookchan v Sookchan, 234 AD3d 779, 780 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171). "'In determining the child's best interests, the court must consider, among other things, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires'" (Matter of Sookchan v Sookchan, 234 AD3d at 780 [internal quotation marks omitted], quoting Matter of Soto v Marrero, 214 AD3d 814, 815; see Matter of [*2]Mendoza v Riera, 232 AD3d 616, 618). "[T]he existence or absence of any one factor, however, is not determinative, since custody and parental access determinations must be made based on the totality of the circumstances" (Matter of Haase v Jones, 230 AD3d 774, 777 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d at 171).
"The credibility findings of the Family Court after a hearing on the issue of custody will be accorded great weight on appeal, and its determinations regarding custody and parental access will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of McFarlane v Jones, 193 AD3d 936, 936; see Matter of Sookchan v Sookchan, 234 AD3d at 780). Here, the Family Court's finding that it was in the children's best interests for the mother to be awarded sole legal and physical custody is supported by a sound and substantial basis in the record. Accepting the court's credibility determinations, the evidence showed, inter alia, that the mother was more likely to promote stability in the children's lives and provide for their overall well-being, as well as more likely to foster the children's relationship with the noncustodial parent (see Matter of Paisley v Moonsammy, 213 AD3d 941, 941-942; Matter of McFarlane v Jones, 193 AD3d at 937).
The father's contentions that each child should have been assigned a separate attorney and that the Family Court was biased against him are unpreserved for appellate review and, in any event, without merit.
The father's remaining contention is without merit.
Accordingly, the Family Court did not err in denying the father's petition for sole legal and physical custody of the children and granting the mother's petition for sole legal and physical custody of the children.
BARROS, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court