Matter of Smisek v DeSantis (2025 NY Slip Op 03727)

Matter of Smisek v DeSantis

2025 NY Slip Op 03727

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-06423
 (Docket Nos. V-10210-17/21E, V-10211-17/21E, V-10210-17/21F, V-10211-17/21F)

[*1]In the Matter of Aileen T. Smisek, appellant,
v
Michael . DeSantis, respondent.

Law Offices of Seidner & Associates, P.C., Garden City, NY (Matthew S. Seidner of counsel), for appellant.
Sunshine, Isaacson & Hecht, LLP, Jericho, NY (Joshua B. Hecht of counsel), for respondent.
Amy L. Colvin, Huntington, NY, attorney for the children.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Ayesha K. Brantley, J.), dated July 3, 2023. The order, insofar as appealed from, after a hearing, in effect, denied that branch of the mother's petition which was to modify two orders of the same court dated March 29, 2019, and April 2, 2019, so as to award her sole legal and residential custody of the parties' children and directed that the father may elect to have overnight parental access with the children on Tuesdays and Thursdays at his discretion.
ORDERED that the order dated July 3, 2023, is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the mother's petition which was to modify the orders dated March 29, 2019, and April 2, 2019, so as to award her sole legal and residential custody of the parties' children is granted.
The parties, who were never married to each other, have two children together, born in 2010 and 2013 (see Matter of Smisek v DeSantis, 209 AD3d 142, 144). After a hearing, in two orders dated March 29, 2019, and April 2, 2019 (hereinafter the custody orders), the Family Court awarded the parties joint legal custody of the children and shared parental access.
In August 2021, the mother filed a petition, inter alia, to modify the custody orders so as to award her sole legal and residential custody of the children. After a hearing, in an order dated July 3, 2023, the Family Court, among other things, in effect, denied that branch of the mother's petition which was to modify the custody orders so as to award her sole legal and residential custody of the children and directed that the father may elect to have overnight parental access with the children on Tuesdays and Thursdays at his discretion. The mother appeals.
"In order to modify an existing custody arrangement, there must be a showing of a subsequent change in circumstances such that modification is required to protect the best interests of the child" (Matter of Jones v Jones, 231 AD3d 829, 830 [internal quotation marks omitted]; see [*2]Matter of Watling v Watling, 236 AD3d 1047, 1047-1048). "The paramount concern when making such a determination is the best interests of the child under the totality of the circumstances" (Matter of Martinez v Gaddy, 223 AD3d 816, 817 [internal quotation marks omitted]; see Matter of Nathaniel v Mauvais, 234 AD3d 766, 768). "When deciding whether a modification is in a child's best interests, factors to be considered include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Narine v Singh, 229 AD3d 700, 701 [internal quotation marks omitted]; see Matter of Llanos v Barrezueta, 232 AD3d 606, 608). "Stability and continuity in a child's life are [also] important factors, as are the child's wishes, which become more important as a child ages and matures" (Matter of Luke v Erskine, 222 AD3d 868, 870 [citation and internal quotation marks omitted]).
"Since the Family Court's determination with respect to custody and parental access depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Bristow v Patrice, 221 AD3d 684, 685; see Matter of Watling v Watling, 236 AD3d at 1048). However, "'[i]n reviewing custody and parental access determinations, this Court's authority is as broad as that of the hearing court'" (Matter of Narine v Singh, 229 AD3d at 701, quoting Matter of Kim v Becker, 223 AD3d 813, 815).
The Family Court's determination that a change in the parties' circumstances did not warrant a transfer of legal and residential custody to the mother lacks a sound and substantial basis in the record. "'[J]oint custody is encouraged primarily as a voluntary alternative for relatively stable, amicable parents behaving in mature civilized fashion'" (Matter of Robinson v Mustakas, 214 AD3d 880, 880, quoting Braiman v Braiman, 44 NY2d 584, 589-590). However, "joint custody is inappropriate where parents have evidenced an inability to cooperate on matters concerning the child" (Matter of Connell-Charleus v Charleus, 192 AD3d 890, 891). "'[E]vidence of a hostile relationship between the mother and the father indicating that joint decision-making is untenable is a change of circumstances'" (Matter of Gold v Khalifa, 223 AD3d 803, 804, quoting Matter of Pierce v Caputo, 214 AD3d 877, 878-879).
Here, the record reveals that, in support of her petition, the mother established more than conflict between the parties and difficulties in co-parenting. The evidence at the hearing showed that the parties' relationship had deteriorated to the point that they do not communicate other than through the OurFamilyWizard application and do not engage in joint decision-making with respect to the children (see Matter of Llanos v Barrezueta, 232 AD3d at 608-609; Matter of Fiore v Gima, 227 AD3d 1071, 1074; Matter of Gold v Khalifa, 223 AD3d at 804; Matter of Connell-Charleus v Charleus, 192 AD3d at 891). Therefore, joint legal custody is no longer feasible (see Matter of Cywiak v Packman, 214 AD3d 654, 657; Matter of Moore v Gonzalez, 134 AD3d 718, 719-720).
The totality of the circumstances justifies modifying the custody orders so as to award sole legal and residential custody of the children to the mother. The record showed that the mother had more involvement with the children's needs on a day-to-day basis and was more likely to promote stability in the children's lives and provide for their overall well-being, as well as more likely to foster the children's relationship with the noncustodial parent (see Matter of Watson v Miller, ___ AD3d ___, 2025 NY Slip Op 02924; Matter of Llanos v Barrezueta, 232 AD3d at 609). Moreover, the Family Court failed to give sufficient weight to the expressed preference of the children, who were 12 and 9 years old at the time the hearing concluded (see Matter of Llanos v Barrezueta, 232 AD3d at 609; Matter of Buskey v Alexis, 226 AD3d 770, 772).
Accordingly, the Family Court should have granted that branch of the mother's petition which was to modify the custody orders so as to award her sole legal and residential custody of the children.
For the same reasons, based on the totality of the circumstances, it was not in the best interests of the children to include a provision in the father's parental access schedule permitting him to convert his weekly parental access with the children on Tuesdays and Thursdays into overnight parental access at his discretion.
IANNACCI, J.P., CHAMBERS, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court