Matter of Wasicki v Wilber (2025 NY Slip Op 03932)

Matter of Wasicki v Wilber

2025 NY Slip Op 03932

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, OGDEN, DELCONTE, AND KEANE, JJ.

553 CAF 24-00946

[*1]IN THE MATTER OF JONATHAN P. WASICKI, PETITIONER-RESPONDENT-RESPONDENT,
v
KATHRYN L. WILBER, RESPONDENT-PETITIONER-APPELLANT. 

STEPHANIE R. DIGIORGIO, UTICA, FOR RESPONDENT-PETITIONER-APPELLANT.
FELT EVANS, LLP, CLINTON (JAY G. WILLIAMS, III, OF COUNSEL), FOR PETITIONER-RESPONDENT-RESPONDENT. 
SCOTT A. OTIS, WATERTOWN, ATTORNEY FOR THE CHILD. 

 Appeal from a corrected order of the Family Court, Oneida County (Julia Brouillette, J.), entered April 16, 2024, in proceedings pursuant to Family Court Act article 6. The corrected order, inter alia, directed that the parties shall continue to share joint legal custody of the subject child. 
It is hereby ORDERED that the corrected order so appealed from is unanimously modified on the law by denying the violation petition insofar as it sought a finding that respondent-petitioner violated the preschool enrollment terms of a prior custody and visitation order, vacating that finding, and vacating the 1st, 5th, and 18th ordering paragraphs and the first sentence of the 4th ordering paragraph, and as modified the corrected order is affirmed without costs, and the matter is remitted to Family Court, Oneida County, for further proceedings in accordance with the following memorandum: In these proceedings pursuant to Family Court Act article 6, petitioner-respondent father filed separate petitions alleging violations of a prior custody and visitation order and seeking modification of that order by, inter alia, awarding him sole legal custody of the subject child. Respondent-petitioner mother filed a petition seeking modification of the prior order by likewise, inter alia, awarding her sole legal custody. The mother appeals from a corrected order that, among other things, found that she had violated the prior order in multiple respects and required her to pay a $500 fine, continued joint legal custody of the subject child with primary residence with the mother, gave the mother full medical decision-making authority for the child and ability to attend all of her medical appointments (medical decision-making authority) in even years and gave the father said authority and ability in odd years, gave the father full dental and orthodontic decision-making authority for the child and ability to attend all of her dental and orthodontic appointments (dental decision-making authority) in even years and gave the mother said authority and ability in odd years, and required the mother to enroll with a mental health services provider or program to assist her with her alleged anxiety and to follow through with the treatment.
Initially, we note that the parties do not dispute that there is a sufficient change in circumstances to warrant an inquiry into whether modification of the existing custody arrangement would be in the child's best interests (see Matter of Ridall v Jones, 230 AD3d 1548, 1549 [4th Dept 2024]). Contrary to the mother's contention, Family Court did not err in continuing joint legal custody. It is well settled that "a court's determination regarding custody . . . , based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (id. [internal quotation marks omitted]). We perceive no basis to disturb the court's credibility assessments and factual findings, and we conclude that its determination to continue joint legal custody is supported by a sound and substantial basis in the record (see Matter of Doner v Flora, 229 AD3d 1158, 1158 [4th Dept 2024]). Specifically, and contrary to the mother's contention, there is a sound and substantial basis in the record for the court to conclude [*2]that although the mother and the father "have communication issues, neither party offered evidence that their relationship is so acrimonious that joint legal custody is unworkable" (Matter of Rivas v Rivas, 193 AD3d 745, 746 [2d Dept 2021]; see Matter of Mayes v Laplatney, 125 AD3d 1488, 1489 [4th Dept 2015]).
We agree with the mother, however, that the court erred in awarding the parties sole medical and dental decision-making authority in alternating years. Upon finding that the relationship between the mother and the father was sufficiently amicable to continue joint legal custody but that they were nevertheless unable to consistently agree regarding certain aspects of the child's medical and dental care, the court was permitted to "divide the decision-making authority with respect to the child[ ]" (Matter of Andross v Aiello, 183 AD3d 1266, 1267 [4th Dept 2020] [internal quotation marks omitted]). We conclude, however, that the court's grant of sole medical and dental decision-making authority to each party on an annually alternating basis is arbitrary, poses practical concerns, and should be vacated (see Fiorelli v Fiorelli, 34 AD3d 1216, 1217 [4th Dept 2006]). We therefore modify the corrected order by vacating the fifth ordering paragraph and the first sentence of the fourth ordering paragraph, and we remit the matter to Family Court to determine whether medical and dental decision-making authority should be shared between the parties, or to determine which party should have sole authority for each area of decision-making on a non-alternating basis.
Contrary to the mother's contention, the court correctly determined that she violated the prior order by failing to advise the father, as required, of her elected week of summer vacation by a specified date (see generally Matter of Moreno v Elliott, 155 AD3d 1561, 1562 [4th Dept 2017], lv dismissed in part & denied in part 30 NY3d 1098 [2018]). We agree with the mother, however, that the court erred in finding that she violated the prior order "when she chose not to consult with the father concerning [the child's] enrollment in preschool." The relevant provision of the prior order stated that "the parties agree that the child will attend preschool, and if the parties can agree to a given preschool, in writing, the child shall go there, [but] if there is no agreement between the parties then the child will go to a preschool that is designated in the mother's residence, which is Clinton." The mother voluntarily assumed primary responsibility for researching potential preschools and determining whether those schools had an opening in which to enroll the child. Although the father suggested that the child attend a certain school, the record reflects that the mother had already determined that the school suggested by the father had a wait list, a fact confirmed by the father at the hearing. The mother ultimately enrolled the child at the only school that was suggested by either party that had an opening available, and that school was located in Clinton. On this record, we conclude that the mother complied with the plain terms of the prior order by enrolling the child at a preschool in Clinton upon the parties' inability to agree in writing to an alternative preschool. We thus further modify the corrected order by denying the violation petition insofar as it sought a finding that the mother violated the preschool enrollment terms of the prior order and vacating that finding. In light of the fact that the $500 fine was based in part upon that erroneous finding, we further modify the corrected order by vacating the first ordering paragraph, and we direct the court on remittal to determine an appropriate penalty based on only the remaining violations.
We further agree with the mother that the court erred in ordering her to "promptly enroll with a mental health services provider or program to assist her in appropriately handling any anxiety she may have and follow through with treatment recommendations." Although the condition is not per se invalid insofar as it does not precondition custody or parenting time on the mother's compliance (see Matter of Krier v Krier, 178 AD3d 1372, 1374 [4th Dept 2019]), we conclude that "the record does not otherwise provide a basis for the conclusion that such [mental health treatment] is necessary" (Matter of Linn v Wilson, 68 AD3d 1767, 1768 [4th Dept 2009]; cf. Matter of Sanchez v Alvarez, 151 AD3d 1869, 1870 [4th Dept 2017]). We therefore further modify the corrected order by vacating the 18th ordering paragraph.
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court